Matter of Malerba (2020 NY Slip Op 01063)





Matter of Malerba


2020 NY Slip Op 01063


Decided on February 13, 2020


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
RUTH C. BALKIN, JJ.


2019-03589

[*1]In the Matter of Mary Malerba, admitted as Mary Sheila Malerba, an attorney and counselor-at-law. (Attorney Registration No. 4232500)



The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on July 21, 2004, under the name Mary Sheila Malerba. By order to show cause dated April 18, 2019, the respondent was directed to show cause why an order should not be made and entered pursuant to 22 NYCRR 1240.13 imposing reciprocal discipline upon her for the misconduct underlying the discipline imposed by an order of the United States District Court for the Southern District of New York dated January 16, 2019.



Catherine A. Sheridan, Hauppauge, NY (Elizabeth A. Grabowski of counsel), for Grievance Committee for the Tenth Judicial District.
Emery Celli Brinckerhoff & Abady LLP, New York, NY (Hal R. Lieberman of counsel), for respondent.



PER CURIAM.


OPINION & ORDER
By order dated January 16, 2019, the United States District Court for the Southern District of New York (hereinafter the District Court) censured the respondent, on consent, for her violation of rules 5.1(b)(1) and (b)(2) (failure to ensure that Oleg Smolyar, an attorney under her supervision, conformed to the Rules), 5.1(d)(2)(ii) (responsibility for Smolyar's misconduct), and 8.4(h) (engaging in conduct that reflects adversely on the respondent's fitness to practice law) of the Rules of Professional Conduct (22 NYCRR 1200.0).
District Court Proceedings: Background
The respondent is a name partner in the law firm of Hallock & Malerba, P.C., which represented the plaintiff Sheri Luscier in a personal injury action concerning an automobile accident. The disciplinary action taken by the District Court against the respondent in the form of a censure was predicated on the respondent's conduct in that personal injury action entitled Luscier v Risinger Brothers Transfer (2015 US Dist LEXIS 129640 [SD NY, No. 13-cv-8553 (PKC)]), commenced in the District Court, for which sanctions were imposed on the respondent, her law partner, Larry Hallock, and Oleg Smolyar, who formerly was of counsel to Hallock & Malerba, P.C. The misconduct, consisting of, inter alia, "a sham filing," and the sanctions imposed are detailed in a sanctions order issued on September 17, 2015, by the Honorable P. Kevin Castel, which are summarized in this Court's opinion and order imposing reciprocal discipline on Smolyar (see Matter of Smolyar, 165 AD3d 74). Familiarity with Smolyar's misconduct, and that of the respondent and her law partner, as summarized in our opinion and order, are assumed. An abbreviated summary, nonetheless, is necessary to understand the basis for the disciplinary action taken against the respondent.
The gravamen of the misconduct concerned the filing of an affidavit purportedly from [*2]Luscier (hereinafter the Luscier Affidavit), which turned out to be a fraudulent filing inasmuch as it incorrectly represented that Smolyar had administered an oath to Luscier and Luscier subscribed the affidavit in Smolyar's presence. The respondent assisted in the submission of the Luscier Affidavit to the District Court. In response to an instruction from the District Court to explain the circumstances surrounding the Luscier Affidavit and its execution, Hallock filed an "Attorney's Affidavit," dated June 22, 2015, signed but not sworn by Smolyar, which falsely stated that Smolyar read the Luscier Affidavit to Luscier, that she commented on it, and that her changes were incorporated into the final product. Smolyar subsequently recanted the "Attorney's Affidavit."
The District Court, inter alia, sanctioned Smolyar and the law firm of Hallock & Malerba, P.C., jointly and severally, in the amount of $9,000 under Rule 11 of the Federal Rules of Civil Procedure. The District Court referred the matter to the Committee on Grievances of the District Court (hereinafter the Committee on Grievances).
Statement of Charges by the District Court
On July 7, 2016, the Committee on Grievances issued an order to show cause and statement of charges, directing the respondent to answer allegations that she assisted in the submission of "a sham affidavit" on behalf of her client, failed to supervise the attorney who drafted the affidavit, and assisted in submitting to the District Court a letter (the "Attorney's Affidavit") that contained false statements designed to cover up the wrongdoing.
On October 31, 2018, the respondent submitted a declaration in which she admitted that she failed to fulfill her obligation to properly supervise Smolyar, in violation of the following Rules of Professional Conduct:
(1) 5.1(b)(1) ("a lawyer with management responsibility in a law firm shall make reasonable efforts to ensure that other lawyers in the firm conform to these Rules");
(2) 5.1(b)(2) ("a lawyer with direct supervisory authority over another lawyer shall make reasonable efforts to ensure that the supervised lawyer conforms to these Rules");
(3) 5.1(d)(2)(ii) ("[a] lawyer shall be responsible for a violation of these Rules by another lawyer if: the lawyer is a partner in a law firm or is a lawyer who individually or together with other lawyers possesses comparable managerial responsibility in a law firm in which the other lawyer practices or is a lawyer who has supervisory authority over the other lawyer; and in the exercise of reasonable management or supervisory authority should have known of the conduct so that reasonable remedial action could have been taken at a time when the consequences of the conduct could have been avoided or mitigated"); and
(4) 8.4(h) ("a lawyer or law firm shall not: engage in any other conduct that adversely reflects on the lawyer's fitness as a lawyer").
Accordingly, the Committee on Grievances sustained various charges.
The respondent consented to the imposition of a censure as a sanction for her misconduct. "Taking into consideration all of the circumstances indicated by the record, including the fact that . . . Hallock & Malerba, P.C. was sanctioned by Judge Castel pursuant to Rule 11," the Committee on Grievances determined that a censure was appropriate. Finding that the respondent raised no issue requiring a hearing, the District Court imposed a censure by order dated January 16, 2019.
Order to Show Cause
By order to show cause dated April 18, 2019, the respondent was directed to show cause why an order should not be made and entered pursuant to 22 NYCRR 1240.13 imposing reciprocal discipline upon her for the misconduct underlying the discipline imposed by the District Court.
In a response dated June 7, 2019, submitted by her attorneys, the respondent acknowledges that she was censured by the District Court. The respondent asks that this Court [*3]impose reciprocal discipline no more severe than a public censure, taking into consideration the following mitigating circumstances: her remorse, her cooperation with the District Court proceedings, her lack of a prior disciplinary history, sanctions already imposed by the District Court, and her reputation in the legal community for honesty and integrity as reflected in character letters submitted on her behalf.
Findings and Conclusion
Based on the foregoing, we find that the imposition of reciprocal discipline is warranted. Not only did the respondent assist in the submission of the Luscier Affidavit, but she subsequently assisted in the submission of a second filing to cover up the fraudulent filing. Although less culpable than her law partner, Larry Hallock (see Matter of Hallock, ___ AD3d ___ [Appellate Division Docket No. 2019-03587; decided herewith]), we find that the respondent's dishonest conduct merits a suspension from the practice of law. Notwithstanding the mitigation advanced, we conclude that a suspension from the practice of law for six months is warranted.
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and BALKIN, JJ., concur.
ORDERED that pursuant to 22 NYCRR 1240.13, the respondent, Mary Malerba, admitted as Mary Sheila Malerba, is suspended from the practice of law for six months, commencing March 16, 2020, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than August 17, 2020. In such application (see 22 NYCRR 1240.16 and 691.11), the respondent shall furnish satisfactory proof that during the period of suspension she (1) refrained from practicing or attempting to practice law, (2) fully complied with this order and with the terms and provisions of the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11(c)(3), and (4) otherwise properly conducted herself; and it is further,
ORDERED that during the period of suspension and until further order of this Court, the respondent, Mary Malerba, admitted as Mary Sheila Malerba, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, the respondent, Mary Malerba, admitted as Mary Sheila Malerba, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Mary Malerba, admitted as Mary Sheila Malerba, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court